# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JUSTIN KRENDL, Administrator of the Estate of Matthew Krendl, deceased,

        Plaintiff,

v.

INTERMARK TRANSPORT, et al.,

        Defendants.

Case No.: 1:19CV2277

Judge: Christopher A. Boyko

**ANSWER OF DEFENDANT INTERMARK TRANSPORT TO PLAINTIFF'S COMPLAINT**

***Jury Demand Endorsed Herein***

Now comes Defendant Intermark Transport ("Defendant"),[1] by and through counsel, and for its Answer to Plaintiff Justin Krendl, Administrator of the Estate of Matthew Krendl, deceased's ("Plaintiff") Complaint, states as follows:

## COUNT ONE: WRONGFUL DEATH

1. Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies same for want of knowledge.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The allegations in Paragraph 5 of Plaintiff's Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

---

[1] Defendant Bogdan Adrian Petrisor has neither been served, nor has he received, a copy of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint, including subparts A-F.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the WHEREFORE clause following Paragraph 9 of Plaintiff's Complaint and denies each and every other allegation contained in Plaintiff's Complaint unless otherwise admitted to be true herein.

WHEREFORE, Defendant prays Plaintiff's Complaint be dismissed with prejudice and Plaintiff be ordered to pay all costs and reasonable attorney's fees sustained by this Defendant.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief may be granted and is barred from recovery.

2. Decedent Matthew Krendl was contributorily and/or comparatively negligent and, therefore, Plaintiff is limited and/or barred from recovery.

3. Decedent Matthew Krendl was guilty of assumption of the risk, whether expressed, implied, or primary, and therefore, Plaintiff is limited and/or barred from recovery.

4. Plaintiff failed to join the necessary parties to this action and is therefore, barred from recovery.

5. Plaintiff failed to mitigate his damages and thus, is barred from recovery.

6. Plaintiff failed to satisfy all conditions precedent to recovery and thus, is barred from recovery.

7.  Decedent Matthew Krendl's injuries and death were caused as a direct and proximate result of his own negligence or negligence of a third party in which this Defendant exercises no control.

8.  Plaintiff may have failed to commence these proceedings within the applicable statute of limitations and is barred from recovery.

9.  Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

10. Plaintiff's recovery, if any, may be eliminated or diminished due to intervening or superseding causes.

11. While denying any negligence, this Defendant may be entitled to statutory set-off of damages or limitations of damages.

12. Defendant is entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. 2307.23.

13. Plaintiff's claims are barred due to insufficiency of service of process and/or process.

14. Plaintiff's Complaint must be dismissed as Defendant and its driver held and/or breached no duty of care to Plaintiff.

15. Plaintiff's Complaint must be dismissed as decedent Matthew Krendl's intentional conduct caused the accident.

16. Defendant reserves the right to supplement additional affirmative defenses, if appropriate, after the completion of discovery and/or investigation.

WHEREFORE, Defendant prays Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be ordered to pay all costs and reasonable attorney's fees sustained by this Defendant.

Respectfully Submitted,

By: /s/*Theresa A. Edwards*
_____
Theresa A. Edwards (0090971)
Bradley J. Barmen (0076515)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
T: 216.344.9422 F: 216.344.9421
Tera.Edwards@lewisbrisbois.com
Brad.Barmen@lewisbrisbois.com
*Counsel for Defendant Intermark Transport*

## **JURY DEMAND**

Defendant hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure.

*/s/Theresa A. Edwards*
_____
Theresa A. Edwards (0090971)
LEWIS BRISBOIS BISGAARD & SMITH LLP
*Counsel for Defendant Intermark Transport*

## CERTIFICATE OF SERVICE

      I hereby certify a copy of the forgoing was file electronically on October 7, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/Theresa A. Edwards*

                                              Theresa A. Edwards (0090971)
                                              *Counsel for Defendant Intermark Transport*