UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN KRENDL, Administrator of the ) <br> Estate of Matthew Krendl, Deceased, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERMARK TRANSPORT, et al., ) <br> ) <br> Defendants. ) | CASE NO. 1:19CV2277 <br><br> SENIOR JUDGE <br> CHRISTOPHER A. BOYKO <br><br> **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court upon the Motion (ECF DKT #48) of Third-Party Defendant May Anne Doronila for Summary Judgment. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff Justin Krendl, as Administrator of the Estate of Matthew Krendl, sued Defendants Intermark Transport and Bogdan Adrian Petrisor, alleging Petrisor, while in the scope of his employment with the Intermark trucking company, failed to maintain an assured clear distance when he struck the rear of the vehicle being operated by Plaintiff's decedent.

On August 28, 2017, Matthew Krendl was operating a red 2001 Toyota 4Runner; and

at 9:38 p.m., he stopped in the right-hand traveling lane of Interstate 71 South at mile marker 205, an area of the highway with no streetlights. The Toyota 4Runner was owned by his girlfriend, Third-Party Defendant May Anne Doronila.

Defendant Petrisor approached in the right lane on Interstate 71 South, operating a loaded semi tractor-trailer. The area was dark and the 4Runner had no lights on. Defendant Petrisor was unable to see the vehicle operated by Matthew Krendl until it was too late to slow down or avoid striking it.

Matthew Krendl suffered fatal injuries. The Ohio State Highway Patrol investigation determined that Krendl was operating the vehicle with a suspended driver's license. Toxicology results showed that Krendl's blood alcohol concentration was over three times the legal limit.

Plaintiff filed suit for Negligence and Wrongful Death in Medina County Common Pleas Court against Intermark and Petrisor. On September 30, 2019, the matter was removed to federal court on the basis of diversity. Both Intermark and Petrisor are citizens of Quebec, Canada.

Defendants answered and filed separate Third-Party Complaints against May Anne Doronila, alleging she is liable for Negligent Entrustment.

Third-Party Defendant Doronila moves for judgment in her favor, arguing that the Third-Party Complaints are barred by the statute of limitations; are not properly brought under Fed.R.Civ.P. 14 and should be dismissed; and that, on the merits, she neither knew nor had reason to know that Matthew Krendl was an incompetent driver.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Fed.R.Civ.P. 14 - Third Party Practice</u>**

Rule 14 allows a third-party complaint to be served upon "a person not a party to the action who is or may be liable to the third-party plaintiff **for all or part of the plaintiff's claim against the third-party plaintiff**." Fed.R.Civ.P. 14(a). (Emphasis added).

"Among others, the purpose of [Rule] 14 is to promote judicial efficiency by avoiding a circuity of actions; to consolidate separate actions that should be tried together; to avoid a duplication of testimony and evidence; and to avoid inconsistent verdicts on identical or similar evidence or testimony." *State ex rel. Jacobs v. Municipal Court of Franklin County*, 30 Ohio St.2d 239, 241 (1972). Ohio Civil Procedure Rule 14 "sets forth an express condition which must be satisfied before a third party may be impleaded, '(a) defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.'" *Id.* at 241-242.

**Defendants' Third-Party Complaint**

Defendants Intermark and Petrisor filed separate Answers, but the allegations in their Third-Party Complaints against Doronila mirror each other.

Defendant Petrisor's Third-Party Complaint (ECF DKT #9) recites:

17. At all times relevant hereto, Third-Party Defendant Doronila owned, controlled, and maintained the Toyota 4Runner driven by decedent Matthew Krendl on August 28, 2017.

18. At the time of the August 28, 2017, accident, upon information and belief, decedent Matthew Krendl's driver's license was suspended due to multiple felony convictions for operating a motor vehicle while under the influence of alcohol and he was listed on Ohio's Habitual Offender Registry.

19. At the time, Third-Party Defendant Doronila knew, or should have known, decedent Matthew Krendl's driver's license was suspended due to his multiple felony convictions for driving under the influence of alcohol.

20. Third-Party Defendant Doronila negligently entrusted the Toyota 4Runner to decedent Matthew Krendl, an unlicensed habitual drunk driver.

21. In permitting an unlicensed habitual drunk driver to use her vehicle, Third-Party Defendant Doronila posed an unreasonable risk of harm to the motoring public, including Defendant Petrisor.

22. Due to Third-Party Defendant Doronila's grossly negligent and reckless conduct, a reasonably foreseeable motor vehicle collision occurred, causing Defendant Petrisor severe and permanent injuries.

23. As a direct and proximate result of Third-Party Defendant Doronila's grossly negligent and reckless conduct, Defendant Petrisor has been significantly damaged, including, but not limited to, lost wages, lost earning capacity, emotional trauma, and other damages.

As for Defendant Intermark's claims (ECF DKT #23):

22. In permitting an unlicensed habitual drunk driver to use her vehicle, Third-Party Defendant Doronila posed an unreasonable risk of harm to the motoring public, including Defendant Intermark and Defendant Petrisor.

23. At all times relevant hereto, Defendant Petrisor was driving within the

>course and scope of his employment with Defendant Intermark.
>
>24. Due to Third-Party Defendant Doronila's grossly negligent and reckless conduct, a reasonably foreseeable motor vehicle collision occurred, causing Defendant Intermark significant damages and Defendant Petrisor severe and permanent injuries.
>
>25. As a direct and proximate result of Third-Party Defendant Doronila's grossly negligent and reckless conduct, Defendant Intermark has been significantly damaged, including, but not limited to damages to the tractor trailer, towing, impound fees, increased insurance premiums, other related expenses.

In their Opposition Brief (ECF DKT #64), Defendants assert that the Third-Party Complaint is "specifically founded on Ms. Doronila's actual or potential liability to Third-Party Defendants for all or part of the Estate's claims asserted against them." However, that is not what their pleadings plainly recite.

Defendants continue their explanation in footnote #2 at page 2 of their Opposition Brief: "[T]he claim for negligent entrustment was filed as part of Third-Party Plaintiffs' defense to the claims asserted by the Estate. And, Third-Party Plaintiffs can still seek indemnity and contribution from Ms. Doronila at any time up to one year after an adverse judgment."

As the Sixth Circuit instructs in *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-806 (6th Cir. 2008): "A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim. Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant."

The *American Zurich* opinion continues: "Rule 14(a) does not allow a third-party

complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Id*., citing *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir.1987).

The Court finds that Defendants' Third-Party Complaints constitute independent causes of action for damages suffered by Defendants Intermark and Petrisor themselves. Although the claims arise out of the same facts and circumstances, they are not founded on Third-Party Defendant Doronila's actual or potential liability for all or part of Plaintiff's claim against Defendants.

### III. CONCLUSION

For these reasons, the Court determines that Third-Party Defendant May Anne Doronila is entitled to judgment as a matter of law. The Court need not address the other bases for summary judgment.

The Motion (ECF DKT #48) of Third-Party Defendant May Anne Doronila for Summary Judgment is granted.

**IT IS SO ORDERED.**

**DATE: August 24, 2021**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**