UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUSTIN KRENDL, Administrator ) | CASE NO. 1:19CV2277 |
| of the Estate of Matthew Krendl, ) | |
| Plaintiff, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | OPINION AND ORDER |
| INTERMARK TRANSPORT, et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #50) of Plaintiff/Counterclaim Defendant Justin Krendl to Set Aside Entry of Default. For the following reasons, the Motion is granted.

## I. FACTUAL BACKGROUND

Plaintiff Justin Krendl, as Administrator of the Estate of Matthew Krendl, sued Defendants Intermark Transport and Bogdan Adrian Petrisor, alleging Petrisor, while in the scope of his employment with the Intermark trucking company, failed to maintain an assured clear distance when he struck the rear of the vehicle being operated by Plaintiff's decedent.

On August 28, 2017, Matthew Krendl was operating a red 2001 Toyota 4Runner; and at 9:38 p.m., he stopped in the right-hand traveling lane of Interstate 71 South at mile marker 205, an area of the highway with no streetlights. The Toyota 4Runner was owned by his girlfriend, Third-Party Defendant May Anne Doronila.

Defendant Petrisor approached in the right lane on Interstate 71 South, operating a loaded semi tractor-trailer. The area was dark and the 4Runner had no lights on. Defendant

Petrisor allegedly was unable to see the vehicle operated by Matthew Krendl until it was too late to slow down or avoid striking it.

Matthew Krendl suffered fatal injuries. The Ohio State Highway Patrol investigation determined that Krendl was operating the vehicle with a suspended driver's license. Toxicology results showed that Krendl's blood alcohol concentration was over three times the legal limit.

Plaintiff filed suit for Negligence and Wrongful Death in Medina County Common Pleas Court against Intermark and Petrisor. On September 30, 2019, the matter was removed to federal court on the basis of diversity. Both Intermark and Petrisor are citizens of Quebec, Canada.

Defendant Intermark filed its original Answer on October 7, 2019. (ECF DKT #4). Defendant Petrisor filed his Answer, Counterclaim and Third-Party Complaint on November 22, 2019. (ECF DKT #9). Defendant Intermark filed an Amended Answer, Counterclaim and Third-Party Complaint on March 11, 2020. (ECF DKT #23). Plaintiff answered Defendant Intermark's Counterclaim on March 20, 2020. (ECF DKT #25).

On February 19, 2020, Defendant Petrisor filed a Request to Enter Default against Plaintiff on the Counterclaim. The Clerk entered Default on March 5, 2020. (ECF DKT #22). On February 15, 2021, Plaintiff/Counterclaim Defendant filed the instant Motion to Set Aside the Entry of Default, arguing that the failure was not willful; that Defendant Petrisor would not be prejudiced; and that the Estate has a meritorious defense to the Counterclaim.

In his Brief in Opposition (ECF DKT #60), Defendant Petrisor contends that Plaintiff

had notice of his failure to reply to the Counterclaim for over a year, yet delayed an inordinate amount of time before seeking relief from the Court. In addition, Plaintiff's defense of a statute of limitations bar is without merit. Furthermore, Defendant Petrisor suffered prejudice because he believed it was unnecessary to conduct discovery or to produce experts on his own behalf because the Counterclaim was uncontested.

## II. LAW AND ANALYSIS

### Setting aside an entry of default

Pursuant to Fed.R.Civ.P. 12(a)(1)(A), a defendant must serve an answer within twenty-one days of being served with a summons and complaint unless service is waived. Under Fed.R.Civ.P. 55(a), the clerk must enter a default when a party fails to defend an action as required. However, Fed.R.Civ.P. 55(c) grants the Court the authority to set aside an entry of default for "good cause."

In *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990), the Sixth Circuit opined:

> The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

"[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983). "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment. *Id.* The Sixth Circuit has stated, "in general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a

policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency* 595 F.3d 318, 322 (6th Cir. 2010).

"In determining whether good cause exists, the district court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d at 324, quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986).

Counsel for Plaintiff/Counterclaim Defendant, Curtis M. Fifner, submits his Affidavit (ECF DKT #50-2) in support of setting aside the Entry of Default. At Paragraph 3, he states in part:

> This was a complete and total mistake on my part, and if I would have seen that Defendant Petrisor had filed a counterclaim against Justin Krendl, I would have timely filed an Answer. I would never willfully ignore the timelines associated with the Federal Rules of Civil Procedure or this Court to the detriment of my clients.

It would not be appropriate for the Court to weigh the credibility of a witness's sworn statement. The Court finds that the failure to answer was not willful.

Plaintiff contends that Defendant Petrisor's Counterclaim is barred by the time

limitations for filing claims against an estate. (R.C. 2117.06). The Court holds that the limitations bar is a matter of genuine dispute.

Plaintiff asserts that Defendant Petrisor is not prejudiced by the delay because of the joint nature of Defendant Petrisor and Defendant Intermark's defense in this matter. However, Defendant Petrisor insists that prejudice is evident because the deadlines for fact and expert discovery have passed. The Court determines that Defendant Petrisor's position, though valid, is not a basis to deny relief to Plaintiff/Counterclaim Defendant. A trial date has not been set and the Court is willing to entertain a motion by Defendant Petrisor to re-open discovery, if needed.

### III. CONCLUSION

Therefore, pursuant to Fed.R.Civ.P. 55(c), and in keeping with the policy of deciding cases on their merits, the Court finds that there is good cause to set aside the entry of default. The Motion (ECF DKT #50) of Plaintiff/Counterclaim Defendant Justin Krendl to Set Aside Entry of Default is GRANTED and the Entry of Default (ECF DKT #22) is vacated. Plaintiff/Counterclaim Defendant shall file his Answer to the Counterclaim of Defendant Bogdan Adrian Petrisor within one week of this Order.

**IT IS SO ORDERED.**

**DATE: August 30, 2021**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**