UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN KRENDL, Administrator of the Estate of Matthew Krendl, | ) ) | CASE NO. 1:19CV2277 |
| Plaintiff, | ) ) ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| INTERMARK TRANSPORT, et al., | ) ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #51) of Plaintiff/Counterclaim Defendant Justin Krendl for Summary Judgment on Defendants' Counterclaims.[1] For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff Justin Krendl, as Administrator of the Estate of Matthew Krendl, sued Defendants Intermark Transport and Bogdan Adrian Petrisor, alleging Petrisor, while in the scope of his employment with the Intermark trucking company, failed to maintain an assured

---

[1] Plaintiff moves only as to Defendant Intermark's Counterclaim; but the Court will address Defendant Petrisor's Counterclaim also, since it recites nearly identical allegations.

clear distance when he struck the rear of the vehicle being operated by Plaintiff's decedent.

On August 28, 2017, Matthew Krendl was operating a red 2001 Toyota 4Runner; and at 9:38 p.m., he stopped in the right-hand traveling lane of Interstate 71 South at mile marker 205, an area of the highway with no streetlights. The Toyota 4Runner was owned by his girlfriend, Third-Party Defendant May Anne Doronila.

Defendant Petrisor approached in the right lane on Interstate 71 South, operating a loaded semi tractor-trailer. The area was dark and the 4Runner had no lights on. Defendant Petrisor allegedly was unable to see the vehicle operated by Matthew Krendl until it was too late to slow down or avoid striking it.

Matthew Krendl suffered fatal injuries. The Ohio State Highway Patrol investigation determined that Krendl was operating the vehicle with a suspended driver's license. Toxicology results showed that Krendl's blood alcohol concentration was over three times the legal limit.

Plaintiff filed suit for Negligence and Wrongful Death in Medina County Common Pleas Court against Intermark and Petrisor. On September 30, 2019, the matter was removed to federal court on the basis of diversity. Both Intermark and Petrisor are citizens of Quebec, Canada.

Defendant Intermark filed its original Answer on October 7, 2019. (ECF DKT #4). Defendant Petrisor filed his Answer, Counterclaim and Third-Party Complaint on November 22, 2019. (ECF DKT #9). Defendant Intermark filed an Amended Answer, Counterclaim and Third-Party Complaint on March 11, 2020. (ECF DKT #23). Plaintiff answered Defendant Intermark's Counterclaim on March 20, 2020. (ECF DKT #25).

Both Defendants assert in their Answers the affirmative defense of a statutory set-off of damages. (ECF DKT #9 & #23). In addition, both Defendants have filed Counterclaims for Negligence. They allege that Plaintiff's decedent, Matthew Krendl, was driving with a suspended license and stopped his vehicle in the right-hand travel lane of Interstate 71 South without any vehicle lights illuminated. Plaintiff decedent's alleged negligence led to a motor vehicle collision on August 28, 2017. Defendant Intermark suffered damages to its tractor trailer, towing costs, impound fees and increased insurance premiums. Defendant Petrisor suffered lost wages, lost earning capacity and emotional trauma.

Plaintiff moves for summary judgment, arguing Defendants' Counterclaims are time-barred by Ohio Revised Code Section 2117.06(B) and (C) because the claims were not brought within six months of Matthew Krendl's death.

Defendants respond that their Counterclaims are not time-barred because they were properly brought as a defense to Plaintiff's claims and are offered to reduce the Estate's right to relief against them.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Ohio Revised Code § 2117.06 - Presentation and Allowance of Creditors' Claims**

R.C. § 2117.06 recites in pertinent part:

(B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. Every claim presented shall set forth the claimant's address.
(C) Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims.

Both Defendant Intermark and Defendant Petrisor admit that they did not present their Negligence claims within the six-month timeframe of § 2117.06. They acknowledge that they had no intention of bringing affirmative claims against the Estate of Matthew Krendl until the instant lawsuit was filed against them.

Defendants rely upon the case of *Riley v. Montgomery*, 11 Ohio St.3d 75, 463 N.E.2d 1246 (1984). The Ohio Supreme Court in *Riley* declared:

We hold that a claim which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common-law theory of recoupment, when the claim of the defendant arises out of the same transaction as the plaintiff's claim for relief, and when it is offered to reduce the plaintiff's right to relief. *Id*. at 78.

The *Riley* court further instructed that Defendants' burden is to demonstrate, "through affidavits of competent witnesses with first-hand knowledge, the elements of their defense." *Id*. at 79. Defendants contend that the negligence of Plaintiff's decedent reduces the Estate's right to relief under its Negligence and Wrongful Death Claims.

The elements of a negligence claim are: "(1) the existence of a legal duty, (2) the

defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio Dept. of Commerce*, 773 N.E.2d 1018, 1025–26 (Ohio 2002). Defendants Intermark and Petrisor argue that Matthew Krendl had a duty to operate his vehicle safely and in accordance with all traffic laws. Instead, Matthew Krendl, who had no valid driver's license, parked his vehicle in the travel lane of Interstate 71 without any headlights, taillights or hazard lights illuminated. His alleged breach of duty proximately caused injury to both Defendants.

Among other evidentiary submissions, Defendants Intermark and Petrisor provide the deposition of Trooper Harold McCumbers, an Ohio State Highway Patrol Officer on the scene. (ECF DKT #59-2). Trooper McCumbers testifies that the accident occurred at 9:38 p.m. on August 28, 2017. (ECF DKT #59-2 at 15). The atmosphere was dark and Interstate 71 had no street lights illuminating that area. (*Id*. at 4). The vehicle operated by Matthew Krendl was stopped in the right-hand lane with the gearshift in "park" and without any lights. (*Id*. at 11, 13, 14). On that date, Matthew Krendl's license was indefinitely suspended. (*Id*. at 13-14).

Upon consideration of the supporting evidence, and pursuant to the Ohio Supreme Court authority announced in *Riley*, the Court determines that the Counterclaims of Defendants Intermark and Petrisor may be maintained despite the time-bar of R.C. § 2117.06. However, Defendants' Negligence Counterclaims are in the nature of set-off only and serve merely to reduce the Estate's relief under the Complaint if successful.

### III. CONCLUSION

Therefore, the Motion (ECF DKT #51) of Plaintiff/Counterclaim Defendant Justin

Krendl for Summary Judgment on Defendants' Counterclaims is denied.

    **IT IS SO ORDERED.**

    **DATE: August 31, 2021**

     s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**